THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMILLE WISEMAN, | CASE NO. C23-1281-JCC |
| Plaintiff, | ORDER |
| v. | |
| RAVYN GROUP, INC., d/b/a RAVYN SOCIETY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 19), and Defendants' motion to dismiss (Dkt. No. 23). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Plaintiff's motion (Dkt. No. 19) and GRANTS Defendants' motion (Dkt. No. 23) for the reasons explained herein.

I.   BACKGROUND

This is an employment discrimination suit. (*See generally* Dkt. No. 1-2.) Plaintiff, a Washington resident, worked for Defendants, Ravyn Group, Inc. and Emerson Ravyn, a New York-based company and its CEO, respectively. (*See id.* at 2, Dkt. No. 29 at 1, 32 at 1–2.) Plaintiff alleges Mr. Ravyn sent her a sexist message and when she attempted to report the message, he terminated her. (Dkt. No. 1-2 at 5–8.) Plaintiff filed suit in King County Superior Court, alleging a violation of the Washington Law Against Discrimination. (*Id.* at 8.)

Plaintiff sought to serve Defendants on July 20, 2023, and July 21, 2023. (*See* Dkt. No. 20 at 4–11.) On August 22, 2023, after receiving copies of the complaint, Defendants removed the action to this Court. (*See* Dkt. No. 1.) Plaintiff now moves to remand, arguing that Defendants removed the case more than thirty days after service. (Dkt. No. 19 at 1.) Defendants counter that Plaintiff did not properly serve either Defendant. (Dkt. No. 22 at 1–2.) As such, they move to dismiss for insufficient process, insufficient service of process, and, alternatively, for a lack of personal jurisdiction. (*See* Dkt. No. 23.)[1] Portions of each motion turn on the same issue: whether service here was proper under Washington law.[2]

## II.   DISCUSSION

### A.   Adequacy of Service

Plaintiff asserts that she properly served Defendants (or at least substantially complied with Washington's service statute) when she (a) served Ravyn Group, Inc.'s registered agent and (b) left a copy of the summons and complaint with a receptionist at what the parties describe as Defendants' "virtual office."[3] (Dkt. Nos. 19 at 2; 20 at 4, 10, 13; 22-1 at 3.) Upon a review of the record, the Court concludes that Plaintiff properly served Ravyn Group, Inc. but not Mr. Ravyn.

As to Ravyn Group, Inc., under Washington law, a plaintiff may serve a foreign corporation through "any agent, cashier or secretary thereof." RCW 4.28.080(10). Plaintiff properly served Ravyn Group, Inc. on July 20, 2023, when she served its registered agent in Delaware. (Dkt. No. 20 at 4.) While Defendants argue Plaintiff violated RCW 4.28.185(4) by serving them without first filing an affidavit stating that service could not be made in Washington, "it is well settled . . . that a party substantially complies with Washington's long-

---

[1] Because, as discussed below, the Court finds that it lacks personal jurisdiction over Defendants, it will not reach the requests to dismiss based on deficiencies in the process of service.

[2] "When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *See Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017).

[3] Plaintiff notes in her declaration that she originally believed Mr. Ravyn resided at that address. (Dkt. No. 21 at 2.)

ORDER
C23-1281-JCC
PAGE - 2

arm statute when it files the out of state service affidavit prior to entry of judgment." *Java Trading Co., Inc. v. Perf. Food Group Co.*, 2005 WL 2291116, slip op. at 1 (W.D. Wash 2005) (citing *Barer v. Goldberg*, 582 P.2d 868, 874 (Wash. Ct. App. 1978)). Here, Plaintiff has since filed an appropriate affidavit, (Dkt. No. 25), and no final judgment has been entered.

As to Mr. Ravyn, an individual may be served "by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). Service is insufficient when a copy is only left at a place of employment. *Brooks-Joseph v. City of Seattle*, 2023 WL 5822276, slip op. at 2 (W.D. Wash. 2023). Here, although the process server left a copy of the summons and complaint at Mr. Ravyn's place of employment, (Dkt. No. 20 at 10), Defendants assert that it was not his residence. (*See* Dkt. No. 22-1 at 2.) For this reason, the Court finds that Mr. Ravyn was not properly served.

As to removal, pursuant to 28 U.S.C. § 1446(b)(1), it is timely if filed within thirty days after a defendant[4] is served or receives the complaint. As discussed above, although *Ravyn Group, Inc.* was served on July 20, 2023, (Dkt. No. 20 at 4), *Mr. Ravyn* was not, and he did not receive a copy of the complaint until July 24, 2023. (Dkt. No. 22-1 at 3.) Because Defendants sought removal on August 22, 2023, which is within thirty days of July 24, 2023, Mr. Ravyn properly removed the action.

B. **Personal Jurisdiction**

As mentioned above, Defendants move to dismiss, amongst other reasons, for lack of personal jurisdiction, arguing that Plaintiff fails to establish that they conduct any business in Washington other than through their employment relationship with Plaintiff. (Dkt. No. 22-1 at 3, 23 at 2–3, 32 at 2.) When determining whether the exercise of personal jurisdiction over a defendant is appropriate, federal courts apply the law of the state in which they sit. *Boschetto v.*

---

[4] *Each* defendant is entitled to thirty days to exercise their removal rights after being served or receiving the complaint. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

ORDER
C23-1281-JCC
PAGE - 3

*Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Washington courts are permitted "to exercise jurisdiction over a nonresident defendant to the extent permitted by the due process clause of the United States Constitution." *SeaHAVN, Ltd. v. Glitnir Bank*, 226 P.3d 141, 149 (Wash. Ct. App. 2010).

Thus, the only question is whether the Court's exercise of jurisdiction comports with the limitations imposed by due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984).[5] Fair play and substantial justice mandate that a defendant has minimum contacts with the forum state before it may be haled into a court in that forum. *Int'l Shoe*, 326 U.S. at 316. The extent of these contacts can result in a court possessing either general or specific jurisdiction over the defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In this case, the parties only dispute whether this Court has specific jurisdiction.

Specific jurisdiction applies when (1) a defendant purposefully avails itself of a forum, *i.e.*, performed some act or consummated some transaction by which it purposefully directed its activities towards the forum or purposefully availed itself of the privilege of conducting business in the forum, (2) the plaintiff's claim arises out of or relates to that defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). Gender discrimination claims are typically analyzed under a purposeful direction test. *Franey v. Am. Battery Sols. Inc.*, 2022 WL 4280638, slip op. at 7 (N.D. Cal. 2022). This is satisfied when a defendant (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

Here, the Court concludes Defendants did not expressly aim their activities at Washington by simply employing Plaintiff. As evidence of express aiming, Plaintiff points to the

---

[5] Due process permits the Court to "subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

fact that Defendants knew she resided in the forum. (Dkt. No. 28 at 4–5.) However, *Walden v. Fiore* forecloses this argument. *See* 571 U.S. 277, 289 (2014) ("[s]uch reasoning improperly attributes a plaintiff's forum connections to the defendant"). Instead, for an action to be expressly aimed at the forum, it must arise out of the contacts that a defendant themselves created with the forum rather than "random, fortuitous, or attenuated contacts" or the "unilateral activity" of a plaintiff. *Id.* at 284, 286; *see Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143 (9th Cir. 2017). Although Plaintiff's employment created, perhaps, some contacts with Washington, they are too attenuated to support the conclusion that Defendants expressly aimed their conduct at the forum.[6] Defendants state they conduct no business in Washington, (Dkt. No. 22-1 at 3), and Plaintiff does not allege she conducted any work activities directed at Washington on Defendants' behalf, (*see generally* Dkt. No. 1-2). Thus, Plaintiff cannot establish that Defendants expressly aimed their conduct at Washington. Accordingly, Plaintiff fails to establish purposeful direction.

In addition, the Court finds that its exercise of specific jurisdiction would be unreasonable in this instance. *See Three Rivers Provider Network, Inc. v. Meritain Health, Inc.*, 2008 WL 2872664, slip op. at 16 (S.D. Cal. 2008) (reviewing the record to determine if jurisdiction is reasonable or not). In doing so, the Court considered the following factors: "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in

---

[6] By contrast, as remote work has become more common, recent decisions have looked for additional conduct from employers beyond the mere hiring of a remote employee to establish they expressly aimed their activities at the forum. These include recruitment efforts directed at the forum, *see Martinez v. N. Arizona Univ.*, 553 F. Supp. 3d 908, 919 (D.N.M. 2021), conducting business operations in the forum, *see Franey*, 2022 WL 4280638, slip op. at 9, following up on business leads generated by the plaintiff in the forum, *id.,* or hiring the plaintiff to specifically advance business within the forum, *see Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 594 (N.D. Cal. 2022). The instant case is distinguishable: Plaintiff does not allege that Defendants recruited her in Washington, but rather she was referred to them from another company that originally hired her in California. (Dkt. No. 1-2. at 3–4.)

convenient and effective relief; and (7) the existence of an alternative forum." *Ayla*, 11 F.4th at 984.

Separately, the Court notes that, Defendants raise the following argument for the first time on reply: Plaintiff's employment contract required all disputes be brought in New York. (Dkt. No. 31 at 3.) Plaintiff moves to strike. (*See* Dkt. No. 34.) Rather than do so, the Court will disregard the untimely argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (a "district court need not consider arguments raised for the first time in a reply brief.") Accordingly, the request to strike is moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 19) is DENIED and Defendants' motion to dismiss (Dkt. No. 23) is GRANTED.[7] Plaintiff's complaint is DISMISSED without prejudice pursuant to Rule 12(b)(2).

DATED this 7th day of December 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[7] In the alternative, Plaintiff requests jurisdictional discovery regarding Defendants' Washington contacts. A district court has broad discretion to permit or deny jurisdictional discovery, and limited discovery may be appropriate where pertinent facts are contested. *See Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1001 (N.D. Cal. 2016). Here, however, the relevant facts should already be known to Plaintiff, namely, if and how Defendants recruited her in the forum or if she conducted work activities directed at the forum. Accordingly, the Court finds jurisdictional discovery inappropriate.